IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RAYMOND WINFREY, RICHARD
and CATHY JONES, LONNIE OSMAN,
DEWEY and CONNIE DRUMMOND,
MARK and SHALANE PENSE,
GERALD and DENISE PROVENCE,
and DWAIN KELLY                                    PLAINTIFFS

Civil No. 03-2237

SIMMONS FOODS, INC.                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiffs' Amended Application for Order Confirming Arbitration Award and for Entry of Judgment (Doc. 33), Defendant's Response (Doc. 34), Defendant's Motion to Vacate Arbitrators' Award (Docs. 36 & 48), Plaintiffs' Response (Docs. 37-38, 49), and Defendant's Reply (Doc. 50). For the following reasons, Plaintiffs' Amended Application for Order Confirming Arbitration Award and for Entry of Judgment (Doc. 33) is GRANTED and Defendant's Motion to Vacate (Doc. 36) is DENIED.

### I. BACKGROUND

On October 24, 2003, Plaintiffs filed their Complaint seeking damages for termination of an agreement to raise chickens under the provisions of the Packers and Stockyard Act, 7 U.S.C. § 192(a). (Doc. 1). Plaintiffs further asserted claims for fraud and promissory estoppel. *Id*. Defendant moved to compel arbitration on December 30, 2003. (Doc. 5). On April 14, 2004, the Court found that Plaintiffs

and Defendant entered into an agreement to arbitrate and that Plaintiffs' claims fell within the scope of the agreement. (Doc. 17). Accordingly, the Court ordered the parties to submit to arbitration in accordance with their agreement and administratively terminated the action subject to being reopened upon conclusion of the arbitration proceedings. *Id*.

On November 24, 2004, Plaintiffs filed their Motion to Reopen or, in the Alternative, to Compel Compliance with the Arbitration Clause (Doc. 18) requesting the Court to reconsider its order compelling arbitration and set the case for trial or, alternatively, to order the completion of arbitration contending Defendant failed to comply with arbitration procedures governing the selection of the arbitration panel. Defendant requested that the Court remove Plaintiffs' appointed arbitrator from serving in the dispute due to bias. (Doc. 22). The Court denied both motions and ordered the parties to proceed with the arbitration proceedings with the parties' respective arbitrators to choose the neutral third arbitrator. (Doc. 31). In its decision, the Court noted:

> The arbitration agreement provided that each party would appoint one arbitrator and that those two arbitrators would appoint the third arbitrator to complete the panel. (Doc. 18, Ex. A). Plaintiffs contend Defendant failed to appoint its arbitrator within the time period specified in the arbitration agreement. Plaintiffs further contend that after appointing its arbitrator, Defendant

2

AO72A
(Rev. 8/82)

> breached the agreement by substituting another person as its arbitrator. In its motion, Defendant contends that Plaintiffs' arbitrator should be disqualified on the grounds he is biased.
> It is an established principle that issues of procedural arbitrability should be left to the arbitrator to decide. *Stroh Container Co. v. Delphi Industries, Inc.*, 783 F.2d 743 (8th Cir. 1986)(citations omitted). Whether Defendant complied with the procedure set forth in the agreement for appointing arbitrators and whether an arbitrator should be disqualified due to bias are issues for the arbitration panel to decide. *See Cox v. Piper, Jaffray & Hopwood, Inc.*, 848 F.2d 842 (8th Cir. 1988)(judicial review may not be obtained about the qualifications of the arbitrators or other matters prior to the making of an award).

*Id.* at p. 2.

After a hearing, the three-person arbitration panel consisting of Defendant's arbitrator, John Everett; Plaintiffs' arbitrator, J. Dudley Butler; and Frank Hamlin who was chosen by both party arbitrators; awarded Plaintiffs a total of $510,000.00 in damages and ordered Defendant to pay the arbitration costs. (Doc. 33, Ex. 1). Plaintiffs now ask this Court to confirm that award, while Defendant moves to vacate the award pursuant to 9 U.S.C. § 12, due to the "evident partiality of arbitrator J. Dudley Butler." (Doc. 36).

**II. DISCUSSION**

Plaintiffs move for entry and confirmation of the arbitration award. Defendant seeks to vacate the award on the basis that Plaintiffs' chosen arbitrator, J. Dudley Butler,

3

AO72A
(Rev. 8/82)

exhibited evident partiality toward Plaintiffs. Plaintiffs contend Defendant's motion to vacate is without merit as : (1) all three arbitrators were attorneys, two of whom were chosen by Defendant; (2) the award was unanimous; (3) there was no record made of the proceeding with which to review the alleged partiality; and (4) the arbitration panel found Mr. Butler was fair and impartial.

A district court's review of an arbitration award is extremely limited. *See Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504 (2001). The underlying award is entitled to an "extraordinary level of deference." *Schoch v. Infousa, Inc.*, 341 F. 3d 785, 788 (8th Cir. 2003)(internal citations omitted). An arbitrator's broad authority is constrained by the Federal Arbitration Act (herein FAA). *See* 9 U.S.C. § 1 *et seq*. A district court may vacate an award where there was evident partiality in the arbitrators. *See* 9 U.S.C. § 10(a)(2).

In this case, the agreement drafted by Defendant, provided:

> ...[E]ach party shall appoint one arbitrator...Within 30 days after both arbitrators have been appointed, the arbitrators shall jointly appoint a third arbitrator.

(Doc. 38, Ex. B).

Defendant requested that this Court remove Mr. Butler as an arbitrator based upon his partiality, however, we found

4

that this was a procedural issue to be decided by the arbitration panel. (Doc. 31). Defendant then presented its request to the party arbitrators at the time, Frank Hamlin and Mr. Butler. In a letter dated November 10, 2004, Frank Hamlin, who was initially selected by Defendant as its party arbitrator stated:

> From my years of experience as a Mediator and Arbitrator, when a clause reads like the one in Paragraph 9 of the Broiler Agreement between Simmons Foods, Inc. and Raymond H. Winfrey, there is not any obligation for either party to pick someone who is totally fair and impartial...There is no requirement in Paragraph 9 of the agreement in question that an Arbitrator with a[n][sic] "alleged bias" cannot sit on the Arbitration panel. Quite the contrary, when a clause is normally drafted in this manner, each party is most likely to select someone that they believe will basically be fair and responsible in making their decision, but also might see the case a little more from the perspective of the party that appointed the Arbitrator.

(Doc. 38, Ex. C). Defendant later selected John Everett as its party arbitrator (Doc. 38, Ex. F), and Frank Hamlin was selected by Mr. Everett and Mr. Butler to serve as the third arbitrator and Chairman of the panel. The entire panel again found that the three arbitrators were "properly appointed pursuant to the arbitration clause in question and [were] qualified to serve and decide all issues in this matter. (Doc. 38, Ex. D).

Defendant cites numerous cases for its proposition that even the appearance of bias on the part of an arbitrator is

5

sufficient to vacate an award. However, the cases are distinguishable from the situation here as they address the partiality of neutral as opposed to party arbitrators or situations where certain procedural rules governing the arbitrations required specific disclosures by the arbitrators. Defendant's agreement did not specify any particular procedural rules outside of the agreement itself to govern the proceedings, and the agreement did not require the arbitrators chosen by the parties to be neutrals. It is a basic principle of contract law that any ambiguity should be construed against the drafter, in this case, Defendant. *See American Airlines, Inc. v. Wolens,* 513 U.S. 219 (1995). Additionally, in general, partisan arbitrators are permissible. *See Delta Mine quoting ATSA of Cal., Inc. v. Continental Ins. Co.*, 754 F.2d 1394 (9th Cir. 1985). Accordingly, the Court finds that the arbitrators chosen by the parties in this matter were not required to be neutrals.

Even if the Court agreed with Defendant that all three arbitrators were to be completely neutral, Defendant cannot show that the "evident partiality" had a prejudical impact on the arbitration award, as required. The neutral arbitrator, chosen by the parties' arbitrators was aware of Defendant's concerns. In fact, this issue was twice considered by the panel prior to the beginning of the arbitration proceedings

6

with the conclusion that Mr. Butler could be fair and impartial. Under the narrow standard of review for an arbitration award, Defendant has not shown that any evident partiality of Mr. Butler had a prejudicial impact on the arbitration award. Accordingly, Plaintiffs' Amended Application for Order Confirming Arbitration Award and for Entry of Judgment (Doc. 33) is GRANTED and Defendant's Motion to Vacate (Doc. 36) is DENIED.

## III. ORDER

As Defendant cannot show that any "evident partiality" on behalf of Mr. Butler prejudicially affected the arbitration award, no basis for vacating the award exists. Accordingly, Plaintiffs' Amended Application for Order Confirming Arbitration Award and for Entry of Judgment (Doc. 33) is GRANTED and Defendant's Motion to Vacate (Doc. 36) is DENIED. Further, in accordance with 9 U.S.C. § 9, the Court finds it appropriate to confirm the Arbitrators' Decision and Award (Doc. 33, Ex. A) awarding damages in the amount of $510,000.00 to Plaintiffs as follows:

   a. Raymond Winfrey: $112,000.00

   b. Richard and Cathy Jones: $86,000.00

   c. Lonnie Osman: $48,000.00

   d. Dewey and Connie Drummond: $39,000.00

   e. Mark and Shalane Pense: $97,000.00

AO72A
(Rev. 8/82)

  f. Gerald and Denise Provence: $87,000.00

  g. Dwain Kelly: $41,000.00.

  Additionally, Defendant is responsible for the total cost of arbitration or $45,597.94 of which Defendant has already paid half of that amount. A judgment will be filed contemporaneously with this order.

  IT IS SO ORDERED this 6th day of September 2006.

        /s/ Robert T. Dawson
        Honorable Robert T. Dawson
        United States District Judge

AO72A
(Rev. 8/82)